## FIRST NAT. BANK OF CHICAGO v. ROGERS, BROWN & CO.
### (CHESHIRE, Petitioner).

(District Court, W. D. Washington, N. D.   January 19, 1922.)

### No. 195–E.

Corporations ⬤⟳566(6)—Increase in salesman's compensation for maintenance held "wages," within statute as to preferences in insolvency proceedings.

An increase in the compensation of a salesman for maintenance of himself and later of his family in the Orient, whether designated wages or maintenance, was a part of the compensation passing from the employer to the employee for the particular services, and constituted "wages," within Rem. & Bal. Code Wash. § 1204, preferring claims for wages in insolvency proceedings.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Wages.]

In Equity. Receivership suit by the First National Bank of Chicago against Rogers, Brown & Co. On petition by C. A. Cheshire for allow-

ance of a claim as a preferred claim. Claim allowed in part as a preferred claim.

See, also, 273 Fed. 529.

Ogden & Clarke, of Seattle, Wash., for petitioner.
Frank S. Bayley, of Seattle, Wash., for receiver.

NETERER, District Judge. The petitioner, an employee of the defendant insolvent, has presented a claim of $774, being $100 per month from February to August, inclusive, and $74 for medical service, based upon the claim that his compensation of $250 a month was increased in the sum of 225 taels per month, for "maintenance" in the Orient, and upon the arrival of his family in the Orient in 1919 the amount of his "maintenance" was increased to $400 per month from January 1, 1920; that the increase was paid only for January; that there is due him $100 per month for stated time, being the difference between the allowance made and the amount paid, together with the sum of $74 as stated; and that the total sum be allowed as a preferred claim.

The receiver allowed the claim in the sum of $674, as a general claim; the petitioner not being in the employ of the defendant insolvent or its receiver for the month of August in the Orient. The petitioner prays a review, and that the claim be allowed as a preferred claim. The court may only allow the claim as preferred if authorized by law. Section 1204, R. & B. Code Washington, provides that in insolvency proceedings the wages of salesmen, to the amount of $100 each, where services are "rendered within sixty days previously, are preferred claims and must be paid." The petitioner continued in the employ of the receiver until July 31, at which time he sailed for Seattle; the expense for his family and himself being paid by the receiver. He was paid by the receiver the same sums per month as had been paid him immediately preceding the insolvency proceedings. The failure to pay the increased maintenance allowance was due to local differences between the manager of the defendant in the Orient and the petitioner, and not on account of any change in the prior concluded arrangement. I think it is immaterial whether the amount to be paid for the services of the petitioner is designated as "wages" or "maintenance." In either event it is compensation agreed upon to pass from the one receiving the services to the one giving the services for the particular services, and is therefore wages, within R. & B. § 1204, supra.

So concluding, the petitioner would be entitled to the increased wages during the time of his employment for the receiver from June 7 to July 31, at $100 per month, and for 60 days preceding June 7, as a preferred claim, total $380.76, and for $100, as provided in section 1204, supra. An order allowing the claim as a preferred claim in the sum of $480.76 may be presented.